UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE LIBERTO** | **CIVIL ACTION NO.: 15-7158** |
|     **Plaintiff** | |
| | |
| **VERSUS** | **SECTION: "'H"** |
| | |
| **CITY OF MANDEVILLE,** | **MAGISTRATE: 1** |
| **RICK RICHARD AND** | |
| **DETECTIVE JASON REDEAU** | |
|     **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT through undersigned counsel come the Defendants, City of Mandeville ("Mandeville"), Rick Richard ("Chief Richard") in his individual capacity and in his official capacity as the Chief of the Mandeville Police Department, and Detective Jason Readeau ("Det. Readeau") in his individual capacity and in his official capacity as an employee of the City of Mandeville and Detective with the Mandeville Police Department, which respectfully file this motion for summary judgment, pursuant to Fed.R.Civ.P. 56 and contend that the Plaintiff failed to state a cause of action against these Defendants for which relief may be granted under federal and/or Louisiana state law, and there is no proof that the Defendants are liable to the Plaintiff for the relief sought, thus, all of his claims against Mandeville, Chief Richard and Det. Readeau must be dismissed with prejudice as a matter of law.

Chief Richard and Det. Readeau also assert the affirmative defense of qualified immunity. Government officials are entitled to assert claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232,

111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Vaughn v. U.S. Small Business Administration*, 65 F.3d 1322, 1325 (6th Cir. 1995); *Sveeggen v. U.S.*, 988 F.2d 829, 831 (8th Cir. 1993). Dismissal is appropriate where the complaint itself establishes the circumstances necessary as a predicate to a finding of qualified immunity. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *Green v. Maraio*, 722 F.2d 1013, 1019 (2d Cir. 1983). The same is also true where the complaint fails to allege any facts that would cast doubt on or invite inquiry as the scope of an immunity based on the defendant's alleged malice or bad faith. *Franklin v. Zuber*, 56 F.R.D. 601, 604 (S.D.N.Y. 1972.)

Wherefore, the Defendants contend that Plaintiff failed to state a plausible cause of action against Chief Richard and Det. Readeau in either their individual and/or official capacities as a matter of fact and law. Plaintiff also failed to articulate and/or plead a viable cause of action against the City of Mandeville as a matter of fact and law. Therefore, for the reasons stated herein and in the memorandum filed in support of this motion, Chief Richard, Det. Redeau and Mandeville pray that this Honorable Court, after all due proceedings are had, grant this motion for summary judgment and dismiss all of Plaintiff's claims raised against them with prejudice and at the Plaintiff's costs.

    Respectfully submitted,

    NIELSEN, CARTER & TREAS, L.L.C.

    */s/ Keith M. Detweiler*
    Keith M. Detweiler, La.S.B. # 20784
    John D. Carter La. S.B. #24334
    Gerald J. Nielsen La.S.B. #17078
    3838 N. Causeway Blvd., Suite 2850
    Metairie, Louisiana 70002
    P: (504)837-2500
    F: (504) 832-9165
    Counsel for Defendants, City of Mandeville, Rick

                Richard and Jason Readeau

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 23rd day of August, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record**.**

                 */s/ Keith M. Detweiler*
                Keith M. Detweiler