**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LUKE LIBERTO**                              **CIVIL ACTION NO.: 15-7158**
        **Plaintiff**

**VERSUS**                                    **SECTION: "'H"**

**CITY OF MANDEVILLE,**                       **MAGISTRATE: 1**
**RICK RICHARD AND**
**DETECTIVE JASON REDEAU**
        **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

MAY IT PLEASE THE COURT:

NOW INTO COURT through undersigned counsel come the Defendants, City of Mandeville ("Mandeville"), Rick Richard ("Chief Richard") in his individual capacity and in his official capacity as the Chief of the Mandeville Police Department, and Detective Jason Readeau ("Det. Readeau") in his individual capacity and in his official capacity as an employee of the City of Mandeville and Detective with the Mandeville Police Department, who respectfully submit this memorandum filed in support of their motion for summary judgment, pursuant to Fed.R.Civ.P. 56 and contend that the Plaintiff failed to state a cause of action against these Defendants for which relief may be granted under federal and/or Louisiana state law, and there is no proof that the Defendants are liable to the Plaintiff for the relief sought, thus, all of his claims against Mandeville, Chief Richard and Det. Readeau pursuant to federal and/or Louisiana state law must be dismissed with prejudice as a matter of law and at Plaintiff's cost.

Chief Richard and Det. Readeau also assert the affirmative defense of qualified immunity.

1

Government officials are entitled to assert claims of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Vaughn v. U.S. Small Business Administration*, 65 F.3d 1322, 1325 (6th Cir. 1995); *Sveeggen v. U.S.*, 988 F.2d 829, 831 (8th Cir. 1993). Dismissal is appropriate where the complaint itself establishes the circumstances necessary as a predicate to a finding of qualified immunity. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993); *Green v. Maraio*, 722 F.2d 1013, 1019 (2d Cir. 1983). The same is also true where the complaint fails to allege any facts that would cast doubt on or invite inquiry as to the scope of an immunity based on the defendant's alleged malice or bad faith. *Franklin v. Zuber*, 56 F.R.D. 601, 604 (S.D.N.Y. 1972.)

I.      **Summary of Relevant Facts**

As part of this motion, the Defendants have attached a Statement of Uncontested Material Facts, as is required by local rule. The Statement sets out the undisputed material facts and material admissions of fact made by the Plaintiff during his deposition.. It is supported by reference to the relevant exhibits attached to the motion. Mandeville, Chief Richard and Det. Readeau hereby adopt and incorporate by reference that Statement, to which the Court is referred for the facts necessary to decide this motion.

II.     **Summary of Argument for Summary Judgment**

This case involves the arrest of Luke Liberto ("Liberto" or "Plaintiff") by Det. Readeau for allegedly committing a simple rape against Jane Doe[1], his roommate and ex-girlfriend, on January

---

[1]This case involves an alleged sexual assault against Jane Doe, therefore, the Defendants have chosen not to identify the alleged victim in their pleadings, despite the Plaintiff's revelation of her identity in the Complaint. In an abundance of caution, the Defendants will refer to Jane Doe throughout their motion for summary judgment as "the complaining victim" and will redact all

17, 2015. Prior to Liberto's arrest, Det. Readeau presented the matter to 22nd Judicial District Court Judge Scott Gardner in an application for an arrest warrant for simple rape and in an application for a search warrant to seek and collect evidence at Liberto's residence. Judge Gardner was satisfied as to the presence of probable cause for the alleged simple rape and signed both warrants in question. (Exs. A, B, C & D). The Plaintiff's arrest that forms the basis of this lawsuit was pursuant to that arrest warrant. (Exs. A, B & C)

On February 6, 2015, Liberto's criminal attorney, John Lindner, and the Assistant District Attorney appeared before the Honorable Judge Allison Penzato of the 22nd Judicial District Court and offered a stipulation to Det. Readeau's investigative report and probable cause affidavit in support of the arrest of Liberto as evidence to be reviewed by Judge Penzato in a preliminary hearing. After review of the records and argument from the Defense and the State, Judge Penzato determined that probable cause existed for the lesser charge of Sexual Battery, ordered Liberto remanded and set his bond at $35,000.00. Det. Readeau's report and probable cause affidavit were accepted into the record by Judge Penzato as evidence. (Exs. A, E, pp. 63-64 & F)

On March 26, 2015, Judge Penzato convened an Article 701 speedy trial hearing wherein the Court determined that the State's delay in filing a Bill of Information was not justified and ordered Liberto released from his bond obligation. However, Liberto remained in custody until his parole officer lifted his parole hold.  (Exs. E, pp. 65-67, & G)

In this lawsuit, Plaintiff alleges that Det. Readeau's investigation was insufficient, because he did not consider and include the complaining victim's credibility and Liberto's sister's opinion of the complaining victim in his affidavit in support of probable cause for the arrest warrant.

attached exhibits to avoid any issues with improperly identifying an alleged sexual assault victim in the public record.

3

Plaintiff claims that Det. Readeau intentionally provided false information in the affidavit in support of the arrest warrant and intentionally failed to further investigate the credibility of the complaining victim before rushing to get a warrant to arrest Liberto. Therefore, Plaintiff claims that his arrest and subsequent detention violated his civil rights and were unconstitutional pursuant to 42 U.S.C. §1983.

Plaintiff also claims, despite his testimony to the contrary, that the Det. Readeau committed a battery and a use of excessive force against Liberto during the arrest, because Det. Readeau placed handcuffs on him without his consent and against his will. However, also Plaintiff admits that no one from the Mandeville Police Department, including Det. Readeau and Chief Richard, ever struggled with him  and/or physically struck him during his arrest and subsequent detention. (Ex. E, pp. 46-49)

This motion is submitted on behalf of Mandeville, Chief Richard and Det. Readeau. Plaintiff claims that Det. Readeau intentionally left out pertinent information when he drafted and submitted the applications for the arrest and search warrants, and therefore, the arrest and subsequent detention violated the Plaintiff's civil rights. **Plaintiff does not dispute probable cause.** In addition and despite his admissions to the contrary, Plaintiff also claims that Det. Readeau used excessive force and  committed a battery against him when Det. Readeau handcuffed him. However, Plaintiff admitted in his deposition that there was no use of excessive force during his arrest or after. (Ex. E, pp. 46-49)

As to Chief Richard, Plaintiff claims he should be held vicariously liable for Det. Readeau's actions. In addition, Plaintiff also alleges as to Chief Richard and Mandeville,  *Monel*-type claims of wrongful hiring, training and supervision of Det. Readeau.

This motion for summary judgment is necessary, because the relevant underlying facts are virtually uncontested and the record is clear that the Plaintiff has no cause of action, no right of

action, and cannot offer any proof to support his allegations of false arrest, false imprisonment, use of excessive force and/or any other claim of harm under state or federal law against these Defendants as a matter of law.

As illustrated in the Statement of Undisputed Facts, Plaintiff admits that the complaining victim filed a complaint against him for simple rape with Det. Readeau; that Det. Readeau put the information provided by the complaining victim into an affidavit of probable cause in support of an application for an arrest warrant; that Judge Gardner reviewed the affidavit of probable cause and signed the arrest warrant for Liberto; that no excessive force was used by anyone against him at any time, and that his criminal attorney offered a stipulation in criminal court to Det. Readeau's report and affidavit and offered both as evidence of Det. Readeau's testimony during a preliminary hearing to determine probable cause for Liberto's arrest in the 22nd Judicial District Court.

In addition, Plaintiff further admits that the Assistant District Attorney in the 22nd JDC, now Plaintiff's counsel in this matter, also stipulated to Det. Readeau's report and probable cause affidavit and joined in offering them as evidence of probable cause for the arrest and prosecution of Liberto before Judge Penzato at the preliminary hearing. Plaintiff also admits that Judge Penzato reviewed Det. Readeau's affidavit of probable cause as stipulated by Liberto's attorneys and ordered that probable cause did exist for the arrest of Plaintiff for the lesser charge of Sexual Battery. Plaintiff also admits that no one used force against him, much less excessive force, when he was arrested or thereafter. Therefore, as a result of the foregoing, it is clear from the record evidence that Plaintiff's suit is impossible as a matter of law and without merit, and all claims against Mandeville, Chief Richard and Det. Readeau must be dismissed with prejudice and at Plaintiff's cost.

## III.   LAW & ARGUMENT

### a.   Federal Rules of Civil Procedure Rule 56 Standard

The United States Supreme Court has addressed the standard for summary judgment as set forth in Federal Rules of Civil Procedure Rule 56(c), as follows:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

After the moving party has met this initial burden, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Rule 56(e), however, does not permit the nonmoving party to avoid summary judgment by resting on the pleadings, but "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the trier of fact could reasonably find for the non-movant. *Anderson,* 477 U.S. at 251-52, 106 S.Ct. at 2511.

**b.      Chief Richard and Det. Readeau are Entitled to Qualified Immunity**

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights, which a reasonable person would have known. *Messerschmidt v. Millender*, 132 S.Ct. 1235 (2012) Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the

law. Id. In applying the qualified immunity analysis, individual liability under 1983 must be premised in each defendant's participation in the plaintiff's constitutional injury. *Berry v. Leslie*, 767 F.3d 1144, 1154 (11th Cir. 2014)

Qualified immunity questions should be resolved at the earliest stage in litigation. *Porter v. Epps*, 659 F.3d 440, 445 (5thCir. 2011) Qualified immunity is an immunity from suit, rather than a mere defense to liability, and like an absolute immunity, is effectively lost if a case is erroneously permitted to go to trial. *Scott v. Harris*, 550 U.S. 372, 376 (2007)

When a defendant asserts qualified immunity, a "heavy two-part burden" shifts to the plaintiff to establish (1) a violation of a constitutional right (2) that was clearly established; failure on either element is fatal to the plaintiff's claims. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015) It is presumed that law enforcement officers are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs. *Id.* Both steps in the qualified immunity analysis are questions of law. *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) To satisfy this burden, the plaintiff may not merely identify an abstract right; the contour of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. *Saucier v. Katz*, 533 U.S. 194 (2001) The officer's state of mind is irrelevant to the existence of probable cause, except for facts known to the officer. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) A peace officer is entitled to qualified immunity when an arrest warrant is obtained from a magistrate. *Malley v. Briggs*, 475 U.S. 335 (1986)

Plaintiff sued Chief Richard for actions that he allegedly took as Chief of the Mandeville Police Department, and sued Det. Readeau for actions he took as an employee of the City of Mandeville. "A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages, provided his conduct does not 'violate clearly established federal

statutory or constitutional rights of which a reasonable person would have known.'"*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether a defendant is entitled to qualified immunity, we decide whether facts alleged or shown by the plaintiff make out a violation of a constitutional right, and whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). If there is no violation at all in the Plaintiff's version of the facts, then the Defendant's conduct cannot constitute a violation of clearly established law. *Gentilello v. Rege*, 09-11216 (5th Cir. Dec. 1, 2010).

In *Salas v. Carpenter*, the United States Fifth Circuit stated, "[I]n this circuit, the qualified immunity defense involves a shifting burden of proof. Although we sometimes short-handedly refer to only one party's burden, the law is that both bear a burden. The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir.1982), *cert. denied*, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983). Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id.*; *Whatley v. Philo*, 817 F.2d 19, 20 (5th Cir.1987); *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1310 (5th Cir.1987), cert. denied, 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988). The Fifth Circuit does not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs. In this case, Carpenter has claimed qualified immunity and established that he acted within his authority as sheriff. If plaintiffs have stated valid claims, they bear the burden of demonstrating that Carpenter's actions violated clearly established law." *Salas v. Carpenter*, 980 F.2d 299, (5th Cir. 1992)

In is indisputable that Plaintiff admits that the complaining victim filed a complaint against

8

him for simple rape with Det. Readeau; that the complaining victim specifically told Det. Readeau that the Plaintiff raped her; that Det. Readeau put the information provided by the complaining victim into an affidavit of probable cause in support of an application for an arrest warrant; that Judge Gardner reviewed the affidavit of probable cause and signed the arrest warrant for Liberto; that no excessive force was used by anyone against him at any time; that his criminal attorney and attorney herein stipulated in criminal court to Det. Readeau's report and affidavit and offered them as evidence of probable cause during a preliminary hearing in the 22nd Judicial District Court.

Plaintiff further admits that Judge Penzato reviewed Det. Readeau's affidavit of probable cause as stipulated by Liberto's attorneys and ordered that probable cause did exist for the arrest of Liberto for the lesser charge of Sexual Battery. Therefore, probable cause for Liberto's arrest and detention has been judicially established as a matter of fact and law by two different Louisiana state court judges.

In *Anna D. Davis v. Jack Strain, et al,* an almost identical case recently determined in the Eastern District of Louisiana, Judge Mary Ann Vial Lemmon reviewed and applied the standards for *Franks* liability in the Fifth Circuit and granted summary judgment in favor of the Defendants and dismissed Plaintiff's claims of false arrest, wherein the Defendant officers legally obtained an arrest warrant and arrested the Plaintiff pursuant to that warrant. Judge Lemmon determined that despite the Plaintiff's claims that the officers should have included other "exculpatory" information in the probable cause affidavit for the arrest warrant application, the arresting officers were still entitled to qualified immunity and dismissal from suit as a matter of law, because the officers had an objectively reasonable basis for believing that the facts alleged in the affidavits were sufficient to establish probable cause, and because "the affidavit supporting the warrant application was not 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable'

9

even if the witness' credibility issues are considered."[2]

Therefore, as a result of the Plaintiff's admissions, the criminal court record, the legally obtained and judicially issued warrant for the arrest of Liberto, and the finding of probable cause for Plaintiff's arrest and detention by Judge Penzato, Chief Richard and Det. Readeau now move this Honorable Court to dismiss the Plaintiff's claims, because the Plaintiff cannot bear his burden of proving that Chief Richard and/or Det. Readeau took any action against Plaintiff that violated "clearly established" law. As such, Chief Richard and Det. Readeau move this Honorable Court to declare that they are entitled to qualified immunity and order that all of the Plaintiff's claims against them be dismissed with prejudice and at Plaintiff's cost.

### c.    Qualified Immunity as to Excessive Force

A law enforcement officer accused of using excessive force is entitled to qualified immunity if his or her conduct was objectively reasonable. The reasonableness of a particular use of force must be considered from the perspective of a reasonable officer on the scene rather than by employing 20/20 hindsight. *Graham v. Connor* 490 U.S. 386 (1989). In analyzing a civil rights claim of excessive force, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. *Johnson v. Carroll*, 658 F.3d 819, 826 (8th Cir. 2011) The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat to effect it. *Vondrake v. City of Las Cruces*, 535 F.3d 1198, 1208 (10th Cir. 2008). To constitute a Fourth Amendment seizure, an application of physical force must be more than de minimis and be willful. *Atkinson v. City of Mountainview*, 709 F.3d 1201, 1208 (8th Cir. 2013)

Plaintiff admits that the Defendant, Det. Readeau, did not use excessive force when he

---

[2] See Judge Lemmon's decision attached in support of this motion as Exhibit H.

arrested him. Plaintiff further admits that no one from the Mandeville Police Department, including Chief Richard and Det. Readeau, struck him or used any physical violence toward him at the time of his arrest and during his detention thereafter.

Therefore, as a result of the Plaintiff's admissions, the indisputable record evidence, and the lack of any proof that any force was used during the arrest and later detention of the Plaintiff by Det. Readeau or anyone else for that matter, Det. Readeau now moves this Honorable Court to dismiss the Plaintiff's claims against him for excessive force with prejudice, because the Plaintiff cannot bear his burden of proving that Det. Readeau used any unreasonable force against him, much less unreasonably excessive force. As such,  Det. Readeau moves this Honorable Court to declare that he is entitled to qualified immunity and order that all of the Plaintiff's claims against him for use of excessive force be dismissed with prejudice and at Plaintiff's cost.

### d.    Qualified Immunity under Louisiana State Law

Under Louisiana law, liability shall not be imposed on public officers or employees based on the exercise or performance or the failure to exercise or perform discretionary acts when such acts are within the course and scope of their lawful powers and duties. LSA-RS 9:2798.1 (B).

For the foregoing reasons, Chief Richard and Det. Readeau also move this Honorable Court to dismiss the Plaintiff's state law claims with prejudice, because the Plaintiff cannot bear his burden of proving that they took any actions against Plaintiff and/or did anything to harm him and/or that would prevent them from taking advantage of and invoking the protections of LSA-RS 9:2798.1. As such, Chief Richard and Det. Readeau move this Honorable Court to declare that they are entitled to the protections afforded in the provisions of LSA-RS 9:2798.1 and order that all of the Plaintiff's claims against them under Louisiana state law must be dismissed with prejudice and at Plaintiff's cost.

**e.      Claims Against Mandeville Must Be Dismissed**

As illustrated herein above, Plaintiff failed to state a proper cause of action against Chief Richard, Det. Readeau and/or Mandeville, because Plaintiff was arrested pursuant to a legally obtained and issued arrest warrant and he admits that no one physically harmed him during his arrest and/or subsequent detention. In addition, Plaintiff has also failed to properly plead and/or articulate a proper cause of action against Mandeville under any theory of municipal and/or *Monel* liability. As such, his claims against Mandeville must also be dismissed with prejudice and at Plaintiff's cost.

In *Monell v. New York City Dept. of Social Services*, 98 S.Ct. 2018, 2037-38 (1978), the Supreme Court held that a municipality may be held liable for the policies, customs or practices, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. To the extent that a plaintiff seeks to assert a claim against a municipal defendant in his official capacity such claims are viable only if the alleged constitutional violation resulted from an official policy or custom of the defendant. *City of Canton v. Harris*, 109 S.Ct. 1197, 1203 (1989); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468-71 (5th Cir.1999).  A municipality cannot be held liable under §1983 solely because it employs a tortfeasor. *Monell,* 98 S.Ct. at 2035, *see also Board of the County Commissioners of Bryan County v. Brown,* 117 S.Ct. 1382, 1388 (1997).  Rather, a plaintiff must identify a municipal "policy" or "custom" that caused his or her injury.  *Brown,* 117 S.Ct. at 1388; *see also Monell,* 98 S.Ct. at 2027.

Plaintiff failed to identify such a policy, custom or practice in his Complaint, failed to articulate any alleged wrong doing on the part of Mandeville, and therefore, failed to relate any alleged custom, policy or practice as a causal link and/or moving force that caused his alleged injuries. In addition, Plaintiff has not been injured in the least by the Defendants, because he admits that there was probable cause for his arrest and detention, and that no force was used against him

at the time of his arrest and/or thereafter. As a result, Plaintiff failed to articulate and/or allege a viable *Monell* claim against Mandeville and there is no legal basis for which to hold Mandeville liable under 42 U.S.C. §1983. Therefore, Plaintiff's allegations against Mandeville must be dismissed with prejudice and at Plaintiff's costs.

IV.     **State Law Claims must be Dismissed**

      a.     **Assault and Battery**

Plaintiff alleges under Louisiana state law that the "Mandeville Police officers (sic) tortuously engaged in purposeful lacking investigation and outrageous conduct, actions and lack of action, by subjecting Plaintiff to an egregious use of force, detention, arrest, false imprisonment, and violation of Constitution rights and liberties." (Doc. 1, ¶XXVIII) And, that the "City of Mandeville is vicariously liable for these tortious acts or omissions by the Mandeville Police officers pursuant to LSA-C.C. art. 2320 and the doctrine of respondeat superior." (Doc. 1, ¶XXIX)

Assault is defined under Louisiana R.S. 14:36 as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. Battery is defined under Louisiana R.S. 14:33 as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.

In this matter, the Plaintiff admits that Det. Readeau told him he had a warrant signed by the judge to arrest Liberto for simple rape (Ex. E, pg. 44); that he understands that the complaining victim went to the Mandeville Police Department on January 17, 2015 and accused him of simple rape, told Det, Readeau that Liberto had performed some sex act on her without her consent, and that the officers read the report of what she told them to Liberto when he was arrested (Ex. E, pg. 53-54); that he went to court represented by Mr. Lindner for a preliminary hearing on February 6, 2015, after which the Judge found probable cause and set his bail at $25,000 (Ex. E, pp. 60-61); that the

arresting officers did him a favor when they agreed not to handcuff him inside of the house in front of his two year old niece and allowed him to walk outside and be handcuffed out of sight of his niece (Ex. E, pg. 46); that he did not resist arrest and there was no physical struggle (Ex. E, pg. 46); and, that the officers took him to the Mandeville Police Department where he was put in a holding cell, that no physical altercation took place, that he does not feel like anyone physically abused him during the arrest, and he was not mistreated (Ex. E, pp. 48-49).

As a result of the foregoing and the undisputed material facts, it is clear that no one from the City of Mandeville, including Chief Richard and/or Det. Readeau, ever committed an assault and/or battery against Liberto and that his legally sanctioned arrest and subsequent detention took place without the need for and/or use of force against him. In fact, the contrary is true, because not only did the arresting officers not physically batter, assault and/or harm him, they also allowed Liberto to be handcuffed outside the presence of his two year old niece as a courtesy to Liberto and his sister. Therefore, Plaintiff has failed to state a viable cause of action against these Defendants for assault and battery for which relief may be granted and certainly cannot prove that an assault and battery occurred given his undisputed testimony and the undisputed facts of this case. As such, all of the Plaintiff's claims against the Defendants pursuant to Louisiana state law must be dismissed with prejudice and at Plaintiff's cost.

## IV.    Conclusion

As set forth herein above, it is clear from the record that Plaintiff failed to state a plausible cause of action against Chief Richard and/or Det. Readeau in either their individual and/or official capacities as employees of the City of Mandeville as a matter of fact and law. Plaintiff also failed to articulate and/or plead a viable cause of action against the City of Mandeville for any 42 U.S.C. §1983 violation as a matter of fact and law. Therefore, Chief Richard, Det, Readeau and Mandeville

14

pray that this Honorable Court, after all due proceedings are had, grant this motion for summary judgment and issue an order declaring that Plaintiff failed to state a viable cause of action upon which relief may be granted against any of these Defendants under federal and/or state law, and thereby dismiss all of Plaintiff's claims raised against them with prejudice and at the Plaintiff's costs.

Respectfully submitted,

**NIELSEN, CARTER & TREAS, L.L.C.**

_____*/s/ Keith M. Detweiler*_____
Keith M. Detweiler, La.S.B. # 20784
John D. Carter La. S.B. #24334
Gerald J. Nielsen La.S.B. #17078
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504)837-2500
F: (504) 832-9165
Email: kdetweiler@nct-law.com
**Counsel for Defendants** City of Mandeville, Rick Richard and Jason Readeau

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record**.**

_*/s/ Keith M. Detweiler*_____
Keith M. Detweiler