UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE LIBERTO**<br>    **Plaintiff** | **CIVIL ACTION NO.: 15-7158** |
| **VERSUS** | **SECTION: "H"** |
| **CITY OF MANDEVILLE,**<br>**RICK RICHARD AND**<br>**DETECTIVE JASON REDEAU**<br>    **Defendants** | **MAGISTRATE: 1** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT through undersigned counsel come the Defendants, City of Mandeville, Rick Richard and Detective Jason Readeau, who respectfully submit this statement of uncontested facts in support of their simultaneously filed motion for summary judgment, to wit:

1. At all times relevant herein, Jason Redeau was on duty and acting in his official capacity as a member of and employee of the Mandeville Police Department ("MPD"). (Ex. A)

2. On January 17, 2015, Jane Doe ("complaining victim")[1] entered the Mandeville Police station and reported that she had been raped by her roommate and ex-boyfriend Luke Liberto ("Liberto" or "Plaintiff"). (Exs. A, B & E, pp. 53-54)

3. Detective Jason Readeau handled the investigation regarding the rape allegation filed against

---

[1] This case involves an alleged sexual assault against Jane Doe, therefore, the Defendants have chosen not to identify the alleged victim in their pleadings, despite the Plaintiff's revelation of her identity in the Complaint. In an abundance of caution, the Defendants will refer to Jane Doe throughout their motion for summary judgment as "the complaining victim" and redact all exhibits to avoid any issues with improperly identifying an alleged sexual assault victim in the public record.

      Liberto and all investigative reports were logged under Mandeville Police Department Incident Number 1501-0496.(Exs. A & B)

4. Detective Readeau interviewed the complaining victim, collected evidence, prepared affidavits in support of search warrants and prepared the affidavit in support of an arrest warrant to be issued for Liberto. He also reviewed various text messages exchanged between the complaining victim and Liberto in the hours after the alleged simple rape wherein Liberto indicated the complaining victim had initiated the sexual contact. However, the complaining victim's texts clearly stated that she felt she had been physically sexually assaulted in her sleep, which corroborated her statement to Readeau and to the initial officers. Liberto admits that the complaining victim accused him in the text messages of forcing himself on her. (Exs. A, B, C, D & E, pg. 35)

5. Chief Richard was never consulted by Detective Readeau, nor did he conduct and/or participate in any part of the investigation, development of probable cause and/or arrest and subsequent detention of Liberto on or about January 17, 2015 and thereafter. (Ex. A)

6. On January 17, 2015, Detective Readeau presented an application for an arrest warrant for Luke Liberto supported by his affidavit of probable cause to Judge Scott Gardner of the 22nd Judicial District Court, who reviewed the application, the affidavit in support and signed the arrest warrant. The arrest warrant was for simple rape as described by the complaining victim. (Exs. A & C)

7. On January 17, 2015, Detective Readeau presented an application for a search warrant for Liberto's residence supported by his affidavit of probable cause to Judge Scott Gardner of the 22nd Judicial District Court, who reviewed the application, the affidavit in support and signed the search warrant. The search warrant was for collection of items to support the

complaining victim's allegation of rape against Liberto. (Exs. A & D)

8. On January 17, 2015, Detective Readeau and other Mandeville police officers went to Liberto's residence to serve the arrest and search warrants. Liberto was located in his bedroom and placed under arrest for simple rape pursuant to the arrest warranted issued by Judge Gardner. The residence was then searched and certain evidence was collected pursuant to the search warranted issued by Judge Gardner. (Exs. A, B, C, & D)

9. Liberto was handcuffed, transported to the Mandeville Police Department and booked for simple rape pursuant to the arrest warrant issued by Judge Gardner. Liberto was later transported to the St. Tammany Parish jail facility and turned over to the St. Tammany Parish Sheriff's Office. (Exs. A & E, pp. 46-48)

10. At no time during the arrest, detention, booking and/or the transfer of custody of Liberto was any use of force used and/or necessary. More specifically, at no time during these events was the use of excessive force ever used against Liberto by anyone and certainly not by Detective Readeau and/or any other member of the Mandeville Police Department. (Exs. A & E, pp. 46-50, 76-77)

11. At the time of his arrest, Liberto was given an opportunity to explain what happened between he and the complaining victim. Liberto chose at that time to exercise his constitutional rights and stated that he would rather wait to speak with his lawyer before making any statements to me. (Exs. A & E, pp. 44, 48, 52)

12. On February 6, 2015, Liberto's attorney and the Assistant District Attorney met with Judge Allison Penzato of the 22nd Judicial District Court and offered a stipulation to Detective Readeau's investigative report and probable cause affidavit in support of the arrest of Liberto. After argument by the Defense and the State, Judge Penzato determined that

probable cause existed for the lesser charge of Sexual Battery and set Liberto's bond at $35,000.00. Detective Readeau's report and probable cause affidavit were accepted into the record as evidence. (Exs. A & E, pp. 63-64, & F)

13. At the time of his arrest on January 17, 2015, Liberto was on parole from a previous conviction and his parole officer placed a parole hold on him, which restricted his ability to post bond and be released from jail pending the sexual battery/simple rape charge. (Ex. E, pp. 65-67)

14. Detective Readeau did not wrongfully arrest Liberto, and had no role in the decision to set Liberto's bond, the decision to detain Liberto, and/or the decision to place a parole hold on Liberto. (Exs. A & E, pp. 60-68, 78)

15. Detective Readeau did not harm Liberto in any manner during his arrest and/or at any other time. No one from the Mandeville Police Department ever harmed Liberto in any manner during his arrest and/or at any other time. (Exs. A & E, pp. 46-50, 76-77)

16. No one from the Mandeville Police Department, including Chief Richard and Detective Readeau, had any control or power over the decision to initiate prosecution of the case against Liberto as that is a decision completely within the purview of the District Attorney. (Ex. A & Louisiana Code of Criminal Procedure Article 61)

17. In addition, no one from the Mandeville Police Department, including Chief Richard and Detective Readeau, had any involvement in the Court's decision and/or Liberto's parole officer's decision to order Liberto remanded, to set Liberto's bond, and/or to place a parole hold on Liberto resulting in his continued confinement. (Exs. A, E, pp. 60-68, 78, F, & G)

18. Liberto admits that he had never met Det. Readeau prior to January 17, 2015. (Ex. E, Pg. 7)

19. Liberto admits that the complaining victim never falsely accused Liberto of anything before

and gave him no indication that she was a manipulator or was likely to cause trouble. (Ex. E, Pg. 19)

20. Liberto admits that he does not know Rick Richard and has no knowledge that Rick Richard was ever personally involved or consulted regarding Liberto's arrest and subsequent detention.(Ex. E, Pg. 20)

21. Liberto admits that he had intercourse with the complaining victim on January 17, 2015. (Ex. E, Pg. 28)

22. Liberto admits that on January 17, 2015, the complaining victim started saying "You raped me. I was, I was asleep. How could you do that?" Things of that nature. (Ex. E, pg. 33)

23. Liberto admits that he and the complaining victim exchanged text messages in the house wherein she was accusing him of forcing himself on her while she was sleeping. (Ex. E, pg. 35)

24. Liberto admits that he did not talk to his sister that night. (Ex. E, pg. 36)

25. Liberto admits that Det. Readeau told him he had a warrant signed by the judge to arrest Liberto for simple rape. (Ex. E, pg. 44)

26. Liberto admits that the arresting officers did him a favor when they agreed not to handcuff him inside of the house in front of his two year old niece and allowed him to walk outside and be handcuffed out of sight of his niece. (Ex. E, pg. 46)

27. Liberto admits that he did not resist arrest and there was no physical struggle. (Ex. E, pg. 46)

28. Liberto admits that the officers took him to the Mandeville Police Department where he was put in a holding cell, that no physical altercation took place, that he does not feel like anyone physically abused him during the arrest, and he was not mistreated. (Ex. E, pp. 48-49)

29. Liberto admits that he understands that the complaining victim went to the Mandeville

        Police Department on January 17, 2015 and accused him of simple rape, told Det, Readeau that Liberto had performed some sex act on her without her consent, and that the officers read the report of what she told them to Liberto when he was arrested. (Ex. E, pg. 53-54)

30. Liberto admits that he went to court represented by Mr. Lindner for a preliminary hearing on February 6, 2015, after which the Judge found probable cause and set his bail at $25,000. (Ex. E, pp. 60-61)

31. Liberto admits that restrictions were put on his ability to bond out by the Department of Corrections, which put a parole hold on him. (Ex. E, pp. 60-62)

32. Liberto admits that on March 26, 2015, an Article 701 hearing was held and the Judge relieved him of his bail obligation after the prosecution could not provide good cause for not filing a bill of information. Liberto further admits that he was not released at that time, because his parole officer's supervisor would not lift the parole hold. (Ex. E, pp. 65-67)

Respectfully submitted,

**NIELSEN, CARTER & TREAS, L.L.C.**

    */s/ Keith M. Detweiler*
Keith M. Detweiler, La.S.B. # 20784
John D. Carter La. S.B. #24334
Gerald J. Nielsen La.S.B. #17078
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504)837-2500
F: (504) 832-9165
Email: kdetweiler@nct-law.com
**Counsel for Defendants** City of Mandeville, Rick Richard and Jason Readeau

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 23rd day of August, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record**.**

                                             */s/ Keith M. Detweiler*
                                             Keith M. Detweiler